ARTHUR J. CONNELLY, Respondent, v. THE MANHATTAN RAILWAY COMPANY, Appellant.

*Actions for negligence — multiplicity of requests to charge — when an error in refusing a request, does not call for a reversal.*

After the trial court, in a civil action at law, has charged repeatedly the same proposition, the failure of the court to apprehend the exact proposition, or shade of the proposition, contained in a particular request, is not sufficient to require the reversal, for the second time, of a judgment which, in other respects, is substantially correct, and which should be upheld.

On the second trial of an action brought to recover damages from a New York city elevated railroad company for personal injuries received by a passenger in

a collision on the day of the "great blizzard," in March, 1888, the defendant, among other requests, asked the court to charge "that a railroad company is not bound to anticipate, or provide against storms of extraordinary and unusual violence, and such as have not within practical experience been known in the locality in which the railroad is operated;" the court answered : "I so charge;" adding, however, that "the railroad and its servants and agents must exercise the care which is necessary under those circumstances to prevent accidents from occurring ;" the defendant excepted to this qualification, and to the refusal of the court to charge as requested.

*Held,* that this refusal to charge, and the qualification by the court, was, in itself, error; but, that as substantially the same proposition as was involved in this request was contained in several other requests which were given, and as by the charge as a whole, the questions as to the defendant's negligence and liability were fairly submitted to the jury, the error was to be deemed a harmless one, and that the judgment should not be reversed by reason thereof (VAN BRUNT, P. J., dissenting).

APPEAL by the defendant, the Manhattan Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 25th day of March, 1892, upon a verdict rendered at the New York Circuit, and from an order entered on the 28th day of March, 1892, denying the defendant's motion for a new trial made upon the minutes.

*Samuel Blythe Rogers,* for the appellant.

*Jacob Fromme,* for the respondent.

O'BRIEN, J. :

This action was brought for the personal injuries sustained by the plaintiff while a passenger on the defendant's railway during what is known as the "blizzard" of March 12, 1888. The injuries resulted from a collision of two trains upon the defendant's elevated railroad at Seventy-sixth street and Third avenue.

By an amendment made at the first trial, the defendant admitted that the plaintiff was such passenger, and also admitted the collision, and further admitted that that admission, in and of itself, entitled the plaintiff to recover damages; and the defendant still further then and there amended its answer by setting up the affirmative defense that the accident happened notwithstanding the exercise of the highest degree of care on the part of the defendant; that it was an

unavoidable accident within the meaning of the law, and attributable to what is known in the law as an act of God, and could not be prevented by the exercise of that degree of care which the law required of the defendant under the circumstances existing at the time the accident happened.

Under the pleading as amended, together with its admission, it was only necessary for the plaintiff to prove as his case in chief the nature and extent of his injuries. The burden of proving the affirmative defense was on the defendant.

The first trial resulted in a verdict for the plaintiff for $10,000, which judgment was reversed by this court (one judge dissenting), upon the ground of error in the admission of a single question and answer, the judge writing the prevailing opinion, saying : " There is evidence enough in this case to sustain the judgment, and I should be in favor of affirmance were it not for an error which, it seems to me, was committed * * * in the admission of testimony." (60 Hun, 495.)

It is unnecessary to give all the facts appearing upon the second trial, the principal ones relied upon to sustain the burden assumed by the defendant of showing that this was an unavoidable accident, and those militating against this view presented by plaintiff, all sufficiently appearing in the opinions upon the former appeal. Again the plaintiff has been successful, and this time has succeeded in obtaining a verdict for $20,000, double the amount awarded by the jury upon the first trial.

Upon the merits, we concur with the view expressed in the opinions written in this case upon the former appeal, that sufficient appears from the testimony to have justified the denial of the motion to dismiss the complaint, because upon the testimony it was clearly a question for the jury, and, as we shall see, the escape of the defendant from what, by the two verdicts rendered against it, would seemingly be the just consequences of its negligence, is attempted to be secured by again finding some error in the record sufficient to justify a reversal of the judgment.

It is insisted that it was error to submit to the jury the question of whether the defendant should have operated its road at all on that day. This naked proposition was nowhere charged, and if we take the exact language of the learned trial judge, in connection

with the context as it appears in the charge, we do not think that any exception to it will lie. He says : " If they (meaning defendants) have established to you that by the action of the elements, under the circumstances of the case, they not being guilty of any want of care, the accident happened, then I charge you they are entitled to a verdict. But you must take into consideration the day itself. It is for you to say whether, under all the circumstances, it was an exercise of proper care for them to have started that train at that particular time, and under those particular circumstances, or to have tried to bring it on under circumstances which were found to exist when the train which collided with the plaintiff's train approached the vicinity of Seventy-ninth or of Seventy-sixth street. I do not intimate any opinion upon the facts. If you find that, under all the circumstances of the case, the defendant had furnished proper appliances, proper engines and cars, and proper and competent employees, that this accident was caused without any negligence on the part of the defendant, but was due entirely to the storm and the elements, unaided by any negligence on the part of man, because that is the meaning of the act of God, if man's agency intervenes, no accident can be attributed to the act of God alone — then it 's your duty to render a verdict in favor of the defendant. But if you believe, under all the circumstances of the case, and all the evidence before you, that the defendants or their servants were guilty of negligence in starting that train, or in the conduct of it, I charge you the plaintiff is entitled to recover, because then the defendant has not sustained the propositions which it has advanced in the amended answer."

Considering the questions which were to be submitted to the jury, involving not only the conditions under which the train was started from Harlem, but also those under which it was started from Eighty-fourth street, with instructions " to skip the Seventy-sixth street station," it will be seen that the court was right in its charge, when it is read in the light of the facts appearing upon the trial.

Another error assigned is said to be the admission to the jury of the question whether the failure to set the hand brakes caused the accident, it being claimed by defendant that the uncontradicted evidence shows that that could not have possibly been the cause. The evidence upon this subject may be as conclusive in defendant's

favor as claimed, still the form of the request will show that the court was justified in not charging it. The request was in these words: "That if the power brakes were applied properly, the train brake would not add to the retarding force, and any omission to put on the train brake in that case would not constitute negligence."

Undoubtedly, if the power brakes were properly applied, nothing would be gained by the application of the hand brakes. But there was testimony in the case showing that the wheels themselves might, by reason of the snow and ice clinging thereto, have been rendered irresponsive to such power brakes; and it was no doubt for this, or some similar reason, that the engineer, out of abundant caution, whistled just prior to the accident for the hand brakes. We think that the trial judge was justified in refusing to charge the proposition in the form in which it was presented, and say that it was a question of fact for the jury.

Error is also assigned for the refusal of the court to charge, at defendant's request, that "if the brakes and appliances for stopping the train were properly applied at a distance from the first train, always before found sufficient to stop a train under the most adverse conditions known in the operation of that line of railway, the defendant is not liable."

The judge was justified in refusing to charge this proposition, because it was tantamount to saying that the whole theory of plaintiff's case was predicated upon negligence of the defendant in the handling of the brakes and appliances for stopping the train; but, as said by Mr. Justice BARRETT upon the former appeal: "The defendant seems to think that its responsibility rested solely upon the manner in which the colliding train was run. But it was also called upon to exercise due care (regard being had, of course, to the exceptional circumstances with which it was dealing) in the dispatch and movements of its trains. Then as to the running of the colliding train, we think it was for the jury to say whether the engineers did their full duty in the premises."

We have now disposed of every question which the appellant invokes for the purpose of obtaining a reversal of this judgment, except two, which require more serious consideration. One relates to the refusal of the learned trial judge to charge a request of the defendant, and the other to the amount of damages.

To appreciate fully the force of the exception as to the request refused, those immediately preceding and following it should be considered as they appear in the record, viz. :

" ' 4. In order to hold a railroad company liable for an injury, the plaintiff must prove that the injury resulted from the failure of the company to perform some duty which it should have performed in the circumstances under which it was placed.'

" THE COURT.— I so charge.

" ' 5. A railroad company is not liable for the unexpected results produced by the elements, which results it could not be expected to foresee.'

" THE COURT.— I so charge.

" ' 6. The defendant is not liable for injuries arising from violence of the elements which could not be guarded against by one using due care.'

" THE COURT.— I so charge.

" ' 7. It was the duty of the defendant to run its trains when the accident happened, unless, when it attempted to run them, accidents could have been foreseen by a person of due prudence.'

" THE COURT.— I so charge.

" Counsel for the defendant also requested the court to charge the jury :

" ' 8. A railroad company is not bound to anticipate or provide against storms of extraordinary and unusual violence, and such as have not, within practical experience, been known in the locality in which the railroad is operated.'

" THE COURT.— I so charge, adding, however, that the railroad and its servants and agents must exercise the care which is necessary under those circumstances to prevent accidents from occurring.

" Counsel for the defendant excepted to the qualification of the charge by the court, and to the refusal of the court to charge as requested.

" ' 9. If the jury find that the tracks, brakes and all the appliances used by the defendant were the best known for their purpose, and that the trains were operated with due care, and that in spite of such appliances and care the collision occurred owing to the slippery condition of the tracks, or otherwise, the defendant is not liable for the accident.'

"THE COURT.— I so charge."

The refusal to charge and the qualification by the court of the eighth request was error, and was no doubt the result of a failure to apprehend the exact and precise proposition which had been requested by the defendant. That this is not to be wondered at becomes apparent when we examine this record and see that, in spite of a clear, fair and exhaustive charge, covering all the questions to which the jury's attention should properly have been called, the defendant thereafter submitted twenty-eight requests, "which repeated in difference forms and with a varied verbiage substantially the same proposition." Thus substantially the same proposition as involved in the eighth request was contained in the fourth, fifth, sixth and ninth requests, as shown by the record.

The question thus presented is, whether, after having charged repeatedly the same proposition, the failure of the court to apprehend the exact proposition or shade of the proposition contained in a particular request is sufficient for the second time to reverse a judgment which in other respects is substantially correct and should be upheld. We think it would be sacrificing form to substance to so hold, and that only by a stretch of the imagination can it be held that the failure to charge this exact proposition resulted in injury to the defendant. This case, upon two separate trials, has already occupied many days, and has twice resulted in the same conclusion in favor of the plaintiff and against the defendant. And the manner in which it was tried upon this second trial justifies the inference that, conscious and fearful of the result, every opportunity was taken by defendant to note exceptions to the admissibility and rejection of evidence, and finally to submit a great number of requests, in the hope that thereon an exception could be hung sufficient to reverse the judgment, if the damages awarded were beyond the amount which according to the defendant's ideas seemed proper.

We have often felt, and this case furnishes a good illustration, that the submission of numerous requests, each with just a slight shade of difference, was never intended, by those who resort thereto, as an aid, but rather designed to confuse the court and jury. They may be justly characterized as a " delusion and a snare " — a delusion so far as the jury are concerned, and a snare with which to

entrap the trial judge. Thus, with respect to a request already referred to, as to the brakes and appliances for stopping the train being applied at a distance before that time found sufficient to stop a train under the most adverse conditions known in the operation of that line of railway — the defendant having excepted to the refusal of the court to charge in the exact language, and to the qualification of the charge as made by the court, this same request was repeated with the distance specified as " twice as great as heretofore found sufficient," and as three times as great, the distance in feet being specified as 310 feet, 500 feet and 700 feet respectively.

It is thus apparent that these requests were not designed in aid of justice, or for the purpose of introducing clearness, but rather confusion, and thus prepare the way for an inadvertent mistake upon the part of the trial judge in failing to apprehend each particular shading of the same proposition. To hold that such failure in a single instance would necessitate a retrial of a case that has already been twice tried, occupying many days of the time of the court, witnesses and jurors, would be a travesty on justice, and, as already said, would be sacrificing substance to form and should not be sanctioned. In a criminal case, regardless of exceptions, it is within the province of an appellate court to do what substantial justice requires, and the Code makes express provision for disregarding errors in equity causes which do not result in injury to the party against whom they are made. A different rule has always been applied to actions at law, requiring that it must clearly appear that such error did not injure the party, or else the judgment for such error must be reversed.

We have examined this record, and regard being had to the number of times the jury were instructed, not only in the original charge, but in the separate requests presented by the defendant, that the railroad was not liable unless failure to perform some duty was proven, and that the mere fact that the accident had happened was no reason for holding the defendant liable, and in view of the statement charged in the sixth request, that " the defendant is not liable for injuries arising from violence of the elements which could not be guarded against by one using due care; " to conclude that the jury were affected by the qualification inadvertently made by the judge would be to place undue stress upon what must necessarily

have been, taking the connection in which it was made, a harmless error, and would subject an action like this to the test of innumerable trials before a result could ever be reached, if defendant in every subsequent trial will but resort to the same plan, with a view to introduce confusion, and dig pitfalls in the shape of a great number of requests into one of which it may reasonably hope that the trial judge will fall.

Taking the entire charge, and the many ways in which the jury were instructed as to the proof necessary to establish the defendant's negligence and entitle plaintiff to recover, there is not the slightest possibility that they were in any way misled, or that the defendant was in any way injured by the failure to charge the eighth request in the exact language in which it was submitted, or by the qualification made thereto by the trial judge. And we are of opinion that the judgment should not for this single error, which is one of form and not of substance, be reversed.

The other serious question is that relating to the amount of damages. We think regard being had to the evidence as to the character of the injuries and the amount of pecuniary loss suffered by plaintiff, that the verdict was greater than should have been awarded, and that the amount upon the former trial was more nearly compensatory. The plaintiff, however, has been subjected to the expense and delay of a second trial, and this, together with the other facts and circumstances appearing, would justify a verdict of $12,500.

Our conclusion, therefore, is that the judgment should be reversed and a new trial ordered, with costs to abide the event, unless the plaintiff will stipulate to reduce the verdict to $12,500, upon which amount he would be entitled to his allowance and costs; and if so modified it should be affirmed, with costs and disbursements.

FOLLETT, J., concurred.

VAN BRUNT, P. J. (dissenting):

This action was brought to recover damages for personal injuries received by the plaintiff while a passenger on one of the defendant's trains. The injury resulted from the collision of two trains on the defendant's road at Seventy-sixth street and Third avenue, on the 12th of March, 1888, which collision it was claimed was caused by the negligence of the defendant.

The defendant by its answer admitted that the plaintiff was injured, and also admitted the collision, and set up the affirmative defense that the accident was unavoidable, and was attributable to what is known in the law as the act of God, and could not be prevented by the exercise of that degree of care which the law required of the defendant under the circumstances existing at the time the accident happened.

Without considering the evidence in detail it is sufficient to say that the collision occurred during the great storm of March 12, 1888, and it was claimed upon the part of the defendant that its appliances were in perfect order, but that in consequence of the condition of the tracks caused by the severity of the storm, the train could not be stopped by the brakes, and the collision thus resulted without any fault or negligence upon its part.

Evidence was offered upon the issues presented by the pleadings upon both sides, and the case submitted to the jury, who rendered a verdict in favor of the plaintiff. And from the judgment thereupon entered, and from an order denying a motion for a new trial, this appeal is taken.

In the disposition of this appeal it has not been deemed necessary to state in detail the evidence which has been introduced upon both sides during the progress of the trial, nor the various facts which it is claimed were established by such evidence, as the result would seem to depend upon a single exception to the charge of the learned court.

The court charged at the request of the defendant that the mere fact that an accident happened did not entitle the plaintiff to recover damages; and that a railway company is not an insurer of the lives or safety of the passengers on its trains; and that it was not the duty of the company to make accidents impossible; and that in order to render the company liable for an injury, the plaintiff must prove that the injury resulted from the failure of the company to perform some duty which it should have performed under the circumstances under which it was placed; that a railroad company is not liable for the unexpected results produced by the elements, which results it could not be expected to foresee; and that the defendant was not liable for injuries arising from the violence of the elements which could not be guarded against by one using due care; and

that it was the duty of the defendant to run its trains when the accident happened, unless when it attempted to run them, accidents could have been foreseen by a person of due prudence.

The counsel also requested the court to charge as follows : " A railroad company is not bound to anticipate or provide against storms of extraordinary and unusual violence, and such as have not within practical experience been known in the locality in which the road is operated." To this request the court said: "I so charge," adding, however, that "the road and its servants and agents must exercise the care necessary under those circumstances to prevent accidents from occurring." The counsel for the defendant duly excepted to this qualification of the charge, and to the refusal of the court to charge as requested.

This seems to have been clearly error, because the qualification made by the court made the railroad company insurers of the lives and safety of the passengers on its trains. It is charged that the company must exercise the care which is necessary under these circumstances, to _prevent_ accidents from occurring, which entirely nullified the words of the request, and imposed not only the duty of using due diligence in preventing accidents, but of using such care as would absolutely prevent accidents from happening, no matter from what cause, even if such accidents arose from the existence of extraordinary and unusual circumstances, which no person of due prudence could have anticipated.

The only question is, whether the court, by charging the subsequent requests of the defendant, without in any way adverting to the charge already made, remedied the evil.

The court subsequently charged, at the request of the defendant, that if the jury found that the tracks, brakes and all the other appliances used by the defendants were the best known for the purpose, and that the trains were operated with due care, and that in spite of such appliances and care, the collision occurred, owing to the slippery condition of the track, or otherwise, the defendant is not liable; also, that the defendant was not required to take such precautions to prevent the accident as it was apparent after the accident would have prevented it, but only such due care as would be demanded of one operating the trains who did not know that the accident would happen.

It is clear that the court had in mind the true measure of liability, and that the jury were instructed with all the liberality towards the defendants that they had a right to ask. But, unfortunately, this proposition, excepted to by the defendants, that they were bound to use such care as would, under extraordinary and unforseen circumstances, absolutely prevent accidents, gave to the jury an erroneous rule. And it is impossible for the court to determine as to whether, in arriving at the conclusion which they reached, they held the defendants liable because of the erroneous rule laid down for their guidance, or because of the correct rule which both preceded and followed that which was erroneous.

Much as we regret to direct a new trial in this case, after a second trial has been had, we see no other alternative, in view of the error which was unfortunately committed by the learned justice presiding at the trial. The confusion undoubtedly arose from the multiplicity of requests which were presented to him at the time of the charge, and which repeated in different forms and a varied verbiage substantially the same proposition.

The judgment appealed from must be reversed, and a new trial ordered, with costs to the appellants to abide the event.

Judgment modified as directed in opinion, and as modified, affirmed, with costs and disbursements.